IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
Lexington Division

Case No. 5:23-cv-00191-DCR

ECLIPSE SPORTSWIRE,

    Plaintiff,

v.

LANNI BLOODSTOCK, LLC, and CAREER LION, Inc.

    Defendants.

## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

Plaintiff/counter-Defendants Eclipse Sportswire ("Plaintiff") hereby files this motion to dismiss Defendants/counter-plaintiff Lanni Bloodstock LLC and Career Lion, Inc. ("Defendants") Counterclaim [D.E. 8] as follows:

## INTRODUCTION

Caught with its hand in the proverbial cookie jar, Defendants have resorted to proffering a Counterclaim that can best be described as 'blame the victim.' Plaintiff is the owner of two (2) copyrighted photographs that Defendants published/displayed on its website in connection with Defendants' marketing of its services. Defendants never obtained permission/a license to display the photographs, and thus unequivocally committed copyright infringement under 17 U.S.C. § 501 *et seq*. Upon discovery of Defendants' infringement, Plaintiff (through its agents) sent pre-suit correspondence demanding payment and that the photographs be removed from Defendants' website. When Defendants refused to negotiate, Plaintiff filed this lawsuit. From these facts, Defendants purport to assert a claim for abuse of process against Plaintiff for having the audacity to enforce its intellectual property rights, attempt to negotiate a settlement pre-suit, and file a

1

lawsuit when Defendants refused to cooperate/negotiate. As set forth herein, however, ***nothing*** alleged in the Counterclaim amounts to a recognizable claim for copyright infringement. The Court should not tolerate Defendants' victim blaming/refusal to acknowledge responsibility. The Counterclaim should be dismissed, and Defendants should face the reality that its actions constitute copyright infringement under well-established legal authority.

## ARGUMENT

**I.      Legal Standard**

"The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), is to allow a Defendants to test whether, as a matter of law, the plaintiff is entitled to legal relief." Preferred Care, Inc. v. Belcher, No. 14-cv-107-JMH, 2015 U.S. Dist. LEXIS 41472, at *4 (E.D. Ky. Mar. 31, 2015). "This requires a consideration of and a ruling upon the merits of a claim." Id. In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the challenged pleading "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In undertaking this analysis, "the court 'consider[s] the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" and construes all well-pled allegations in the light most favorable to the non-moving party. Ohio Pub. Emples. Ret. Sys. v. Fed. Home Loan Mortg. Corp., 830 F.3d 376, 383 (6th Cir. 2016) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); see also Mull v. Available Mortg. Funding, LLC, No. 2:11-cv-2338-STA-dkv, 2012 U.S. Dist. LEXIS 40951, at *3 (W.D. Tenn. Mar. 24, 2012). "Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim." Sykes v. Rausch, No.

3:21-CV-384-RLJ-DCP, 2021 U.S. Dist. LEXIS 235906, at *3 (E.D. Tenn. Dec. 9, 2021). However, well-plead allegations that the court will accept as true are those that are non-conclusory and that the court may draw reasonable inference from. See Trs. of Mich. Reg'l Council of Carpenters' Emple. Benefits Fund v. H.B. Stubbs Co., 33 F. Supp. 3d 884, 887 (E.D. Mich. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "[P]leadings that do not constitute factual allegations, …, need not be accepted as true. The question is whether the remaining factual allegations plausibly suggest an entitlement to relief. If not, the pleading … must be dismissed pursuant to Rule 12(b)(6)." Hall v. Trump, No. 3:19-cv-00628, 2020 U.S. Dist. LEXIS 38349, at *3 (M.D. Tenn. Mar. 5, 2020).

## II.     Defendants' Abuse of Process Claim Fails to State a Cause of Action

Defendants' claim for abuse of process asserts that Plaintiff attempted to "extort" money[1] from Defendants by virtue of (1) hiring third parties not authorized to practice law in Kentucky to "force the Defendants to pay" monies to settle the underlying copyright infringement dispute; (2) filing this lawsuit and seeking "more than 2,000 times the worth of these images;" and (3) Plaintiff purportedly lacking standing and the Court lacking subject matter jurisdiction. Defendants' points, however, do not hold water to support a claim for abuse of process.

"In Kentucky, an abuse of process occurs when an individual uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which that process is not designed." Lewis v. Perkins, Civil Action No. 19-99-HRW, 2022 U.S. Dist. LEXIS 59724, at *17 (E.D. Ky. Mar. 31, 2022) (internal citation omitted). Kentucky law is well settled that "[i]n order to establish a cause of action for abuse of process, a [party] must demonstrate two elements: '1)

---

[1]     See Counterclaim, at ¶ 28.

an ulterior purpose and 2) a willful act in the use of the process not proper in the regular conduct of the proceeding.'" Karsner v. City of Radcliff, No. 3:16-CV-00372-JHM, 2016 U.S. Dist. LEXIS 138828, at *6 (W.D. Ky. Oct. 6, 2016) (quoting Garcia v. Whitaker, 400 S.W.3d 270, 276 (Ky. 2013)). In more broad terms, abuse of process is "the irregular or wrongful employment of a judicial proceeding." Stoll Oil Refining v. Pierce, 337 S.W.2d 263, 266 (Ky. 1960).

Defendants displayed two (2) of Plaintiff's copyrighted photographs on its website in connection with Defendants' efforts to market its horse scouting/'bloodstock' business. As stated in the Counterclaim, Plaintiff (through its agents/attorneys) sent settlement correspondence to Defendants in an attempt to resolve the alleged acts of copyright infringement. When Defendants refused to engage in settlement negotiations, Plaintiff filed this lawsuit, asserting a claim for copyright infringement pursuant to 17 U.S.C. §§ 501 *et seq*. Copyright infringement is a simple/straightforward cause of action. "To prove copyright infringement, the plaintiff must show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Ronaldo Designer Jewelry, Inc. v. Internet, No. 3:20-CV-00496-DJH, 2023 U.S. Dist. LEXIS 31341, at *39 (W.D. Ky. Feb. 1, 2023) (quoting Ellis v. Diffie, 177 F.3d 503, 506 (6th Cir. 1999)).

Here, the Complaint pleads ownership (and attaches copies of the relevant registration certificates), and Defendants did not dispute (nor can it) that the subject photographs were displayed on its website without Plaintiff's permission. The inquiry should end there. However, because Defendants refused to acknowledge responsibility for its actions, this lawsuit was filed – which the Copyright Act specifically contemplates in the event of infringement. See, e.g., 17 U.S.C. § 504. Indeed, pre-suit negotiations are not a condition precedent to filing a lawsuit – an aggrieved copyright owner can simply file a lawsuit without ever reaching out to the infringer pre-

suit.

"An ulterior purpose has been characterized as '[t]he crux of an abuse of process action.'" Sanders v. City of Pembroke, No. 5:19-CV-23-TBR, 2020 U.S. Dist. LEXIS 141592, at *45 (W.D. Ky. Aug. 6, 2020) (quoting Bourbon Cnty. Joint Planning Comm'n v. Simpson, 799 S.W.2d 42, 45 (Ky. Ct. App. 1990)). Simply stated, the Counterclaim fails to allege an ulterior motive for Plaintiff to file this suit outside of what the Copyright Act allows. Plaintiff has every right to engage an agent to attempt to settle a matter pre-suit (ImageRights and CopyCat Legal). "Kentucky courts look for a willful act ... not proper in the regular conduct of the proceeding, used as a form of coercion to obtain a collateral advantage." Sanders, No. 5:19-CV-23-TBR, 2020 U.S. Dist. LEXIS 141592, at *45 (quoting Bourbon Cnty. Joint Planning Comm'n, 799 S.W.2d at 117).

The Counterclaim does not assert (nor could it) that sending a pre-suit demand letter to resolve a claim somehow constitutes an abuse of process. Nor does the Counterclaim assert that Defendants were licensed to display the subject photographs and therefore Plaintiff was attempting to settle an invalid claim. To circumvent these obvious points, the Counterclaim instead asserts that the amount demanded in Plaintiff's pre-suit demand letters far exceeds the actual value of the photographs themselves. But Defendants misses the point entirely. Liability under the Copyright Act (and the damages/relief available thereunder) is ***not*** equivalent to the 'fair' value of the copyrighted material itself. The Copyright Act provides that, for non-willful infringement, a Court may award statutory damages ranging from $750.00 - $30,000.00 (for each copyrighted work) and may increase those damages up to $150,000.00 in the event of willful infringement. See 17 U.S.C. § 504. "The Copyright Act generally affords wide discretion to courts to allocate proper statutory damages." Sadowski v. Digitial One Media LTD, No. 22 CV 5366 (PKC)(RML), 2023 U.S. Dist. LEXIS 127570, at *8 (E.D.N.Y. July 24, 2023); Cable/Home Commun. Corp. v. Network Prods.,

5

902 F.2d 829, 852 (11th Cir. 1990) ("Given the wide latitude accorded the district court in awarding statutory damages, bounded only by the statutory limits, and especially with Defendants-appellants' conduct warranting enhancement under both statutes, we hold that the statutory awards by the district court are not an abuse of discretion."). The Counterclaim arbitrarily asserts that Plaintiff demanded hundreds if not thousands more than Defendants' self-serving valuation of the photographs, but the Counterclaim ignores that both of the pre-suit demands were for substantially less than the limits of the Copyright Act itself (as Plaintiff could conceivably be awarded $150,000.00 for each of the two photographs at issue).

Defendants, likewise, attempts to distract the Court from the "ulterior purpose" aspect of an abuse of process claim by asserting that ImageRights and CopyCat Legal (a law firm) are not authorized to practice law in Kentucky. As a threshold matter, Defendants' legal authority here is not well-taken. Defendants relies on Fla. Bar v. D'Ambrosio, 25 So. 3d 1209 (Fla. 2009), however, D'Ambrosio presents a glaringly different set of facts. In D'Ambrosio, Mr. D'Ambrosio "engaged in the practice of law while suspended and that he held himself out as a lawyer while suspended." The Counterclaim does not assert that Plaintiff's pre-suit attorneys were suspended/disbarred or that ImageRights (which is not a law firm) somehow attempted to actually engage in the practice of law in Kentucky. But even here Defendants misses the point. Plaintiff had every right to bypass pre-suit negotiations and go straight to filing a lawsuit for Defendants' copyright infringement. Whether a pre-suit letter was sent by Plaintiff itself, ImageRights, CopyCat Legal, or a Kentucky-domiciled law firm, Plaintiff had every right to demand payment for existing infringement and for the photographs to be removed from Defendants' website. Defendants cannot seriously assert that seeking what the Copyright Act allows somehow constitutes an abuse of process. Nor can Defendants seriously criticize Plaintiff for filing a Complaint when, as provided for in the original

Complaint, the infringing photographs were still publicly accessible and viewable on Defendants' website at the time of the Complaint and the demand being sent.[2]

Lastly, Defendants hang their hat on a mere mistake as being the foundation for an abuse of process claim. As mentioned above, Plaintiff accidentally referred to a photograph of Bayern, as being a photograph of American Pharoah. Plaintiff acknowledged the error and corrected it in its First Amended Complaint. However, abuse of process clearly requires a willful act, which a simple mistake does not seem tantamount to.

Kentucky law clearly states that "[t]here is not liability for abuse of process where the [party], even though harboring bad intentions, has done nothing other than carry out the process to its authorized conclusion." Kinslow v. Fifth Third Bank, Inc., No. 1:12-CV-00074-JHM, 2012 U.S. Dist. LEXIS 118760, at *5–6 (W.D. Ky. Aug. 22, 2012). Though Plaintiff has no bad intentions and is merely seeking to protect its copyright, whether Defendants agree with Plaintiff's motives or means in carrying out a copyright infringement lawsuit is of no consequence. For Defendants to demonstrate abuse of process, it "is required [to show] some form of coercion to obtain a collateral advantage which is not properly involved in the proceeding itself." See id. at *6. (referencing Simpson v. Laytart, 962 S.W.2d 392, 45 3 Ky. L. Summary 23 (Ky. 1998)). As the court succinctly said in Norfolk S. Ry. Co. v. Tobergte,

> But a plaintiff's offer to drop its claims in exchange for a Defendants releasing his counterclaims is an act that is obviously permitted in the course of litigation. ***Indeed, attempts to settle a lawsuit are encouraged in our judicial system.*** Bradley v. Sebelius, 621 F.3d 1330, 1339 (11th Cir. 2010) ("Historically, there is a strong public interest in the expeditious resolution of lawsuits through settlement. Throughout history, our law has encouraged settlements."). The act of making such an offer is not a "definite act or threat not authorized by the process," ***and attempting to settle a lawsuit is not "an objective not legitimate in the use of the process***," Garcia, 400 S.W.3d at 276 (quoting Simpson, 962 S.W.2d at 394), and thus cannot satisfy the "willful act" element of an abuse of process claim under

---
[2] Complaint, at ¶ 41, n. 1.

Kentucky law. ***The fact that Norfolk Southern's claims were for millions of dollars does not make its lawsuit or offer to settle improper in any way***. In litigation, one party will almost always be in a superior bargaining position and attempting to use that position to obtain a favorable outcome is not unauthorized or an illegitimate goal—it is the very nature of negotiation during litigation.

Norfolk S. Ry. Co. v. Tobergte, No. 5:18-207-KKC, 2022 U.S. Dist. LEXIS 43373, at *7-8 (E.D. Ky. Mar. 10, 2022) (emphasis added). The fact that Plaintiff had an agency and a law firm (ImageRights and CopyCat Legal, respectively) attempt to resolve a lawsuit, at an amount the Defendants may not have found palatable, falls woefully short of an abuse of process standard.

Finally, the Counterclaim is likewise subject to dismissal because Defendants have not alleged ***any*** conduct post-dating the filing of the Complaint that would amount to a purported abuse of discretion. See, e.g., Norfolk S. Ry. Co., 2022 U.S. Dist. LEXIS 43373, at *7-8 (dismissing abuse of process counterclaim with prejudice where "the only act that Hall identifies in his counterclaim is Norfolk Southern's act of suing him" as opposed to any misconduct thereafter). Here, Plaintiff has done nothing more than file a Complaint and serve it on Defendants – it has not abused judicial process or even utilized judicial process beyond filing/service of the Complaint.

### III.     Standing/Subject Matter Jurisdiction

Although the Counterclaim asserts that Plaintiff does not have standing and the Court does not have subject matter jurisdiction, it is strangely silent as to the reasoning for either or why such would somehow support a claim for abuse of process. Defendants' threadbare recitations/conclusory allegations do nothing to inform the Court (or Plaintiff) as to the facts/relevance of Defendants' assertions.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) dismissing the Counterclaim; and (b) for such further relief as the Court deems proper. WHEREFORE, Plaintiff respectfully requests this Court to dismiss the Defendants counter claim.

## CERTIFICATE OF SERVICE

   I hereby certify that a true copy of the foregoing has been electronically filed with the Clerk of the Court via KY-ECF system, and electronically served via same, on this 17th day of August 2023 to the following:

Thomas D. Bullock
Rachele T. Yohe
BULLOCK & CECIL, LLP
234 North Limestone
Lexington, KY 40507
tbullock@bullockcecil.com
ryohe@bullockcecil.com

VIA USPS Mail:

Career Lion, Inc.
440 Laurier Avenue W
Suite 200
Ottawa, Ontario K1R 7X6
Canada

            */s/ Randall S. Strause*
            RANDALL S. STRAUSE